UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>E. JORDAN, ET AL.,<br><br>Defendant(s). | Case No. CV 18-6730-SVW (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**INTRODUCTION**

Raymond Alford Bradford ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Americans With Disabilities Act ("ADA") against defendants Freeman, E. Jordan, Debbie A., C. Wu, and Jane Doe in their individual and official capacities ("Defendants"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///

## II.

## **ALLEGATIONS IN THE COMPLAINT**

On July 26, 2018, Plaintiff, who is currently incarcerated at the California State Prison – Los Angeles County ("CSP-LAC") in Lancaster, constructively filed[1] a complaint ("Complaint") against Defendants. ECF Docket No. ("Dkt.") 1. The allegations in the Complaint concern the treatment Plaintiff received following his transfer to CSP-LAC in May 2018.[2] Id.

**A.  DEFENDANT FREEMAN**

Plaintiff sues defendant Freeman, CSP-LAC's Law Librarian, in her individual and official capacity under the First Amendment for denying him access to courts "by preventing him from challenging a conspiracy to commit murder, as plaintiff was framed by prison guards and charged with two attempted murders". Dkt. 1 at 11-12. Plaintiff asserts that since May 18, 2018, defendant Freeman "with[eld] his legal photo copying services for an unreasonable amount of time; deliberately provid[ed] defective photo copies; deliberately [stole] plaintiff's legal documents, exhibits and/or los[t] his legal papers, allowing custody staff to read plaintiff's legal papers." Id. at 4-5. Plaintiff further alleges that while he had pending court deadlines defendant Freeman misplaced Plaintiff's legal document when she "placed his 113 legal documents in the institutional mail bag." Id. at 5.

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"). Here, Plaintiff signed and dated his Complaint July 26, 2018. Dkt. 1. Thus, the Court deems July 26, 2018 the constructive filing date without prejudice.

[2] Plaintiff contends he has not exhausted his administrative remedies but that his remedies are unavailable to him because defendants "Freeman and assistant Jane Doe have stolen plaintiff's legal documents [and] exhibits that [are] copies of appeals, missing pages of his civil complaint, defective photocopies, failure to e-file legal documents, holding (IFP) application hostage to prevent plaintiff from filing civil action against them and including board of control claims." Dkt. 1 at 24

**B.     DEFENDANT JANE DOE**

Similarly, Plaintiff sues defendant Jane Doe, CSP-LAC's Law Librarian Assistant, in her individual and official capacity under the First Amendment for denying him access to courts "by preventing him from challenging a conspiracy to commit murder as plaintiff was framed by prison guards, beat up, and charged with two attempted murders." Dkt. 1 at 12. Plaintiff alleges that since May 18, 2018, defendant Jane Doe "with[eld] his legal photocopying services for an unreasonable amount of time to cause and actually did cause an injury . . . [when] on 7/3/2018 and 7/20/2018 plaintiff's legal papers were misplaced, [and] plaintiff received several defective copies missing pages of his complaint". Id. at 6.

**C.     DEFENDANT E. JORDAN**

Plaintiff sues defendant Jordan, CSP-LAC's Associate Warden, under the Americans with Disabilities Act ("ADA") in his individual and official capacities for failing to provide Plaintiff an "ADA wheelchair van, a mobility impaired vest and special cuffing" despite defendant Jordan's alleged knowledge Plaintiff had sustained injury. Dkt. 1 at 15. Plaintiff alleges that from May 18, 2018, defendant E. Jordan has denied Plaintiff accommodations under the ADA. Id. at 7. After Plaintiff told defendant Jordan he had sustained injuries following an alleged prison guard attack on May 17, 2018, defendant Jordan denied Plaintiff his "ADA mobility impaired vest". Id. This denial caused "plaintiff['s] ailment[s] to deteriorate." Id.

**D.     DEFENDANT DEBBIE A.**

Plaintiff sues defendant Debbie A., CSP-LAC's Warden, in her individual and official capacities under the Eighth Amendment for failing to protect him from dangerous conditions. Dkt. 1 at 19. Plaintiff claims that from May 18, 2018, defendant Debbie A. failed to protect Plaintiff from prison guards who have "created a violent and unsafe environment". Id. at 8. Plaintiff alleges he "informed" defendant Debbie A. "that he has safety concerns, requested protective housing, single cell status because he feared his life is/was in jeopardy based upon charges of

attempted murder of a peace officer in which plaintiff was falsely accused. Defendant [Debbie A.] deliberately failed to protect plaintiff from the guards who believed the false charges were true". Id. Plaintiff alleges "Debbie A. allows the guards to tear up plaintiff's cell, confiscate his medical supplies (Tape for dressing, enemas, diapers, writing material, paper, pens, medication) and not provide plaintiff a cell search slip afterwards. Defendant Debbie is aware of what is going on . . . because plaintiff has submitted several emergency medical-custody appeals in response to poor prison living conditions". Id. at 17.

### E. DEFENDANT C. WU

Plaintiff sues defendant C. Wu, CSP-LAC's Chief Medical Officer, in his individual and official capacities under the Eighth Amendment for deliberate indifference for "claiming that all tests were normal", denying medical treatment, and allowing "medical staff to withhold plaintiff's life sustaining medication (blood thinner) injections for several weeks". Dkt. 1 at 20. Additionally, Plaintiff sues defendant Wu for fraud by deliberately lying to Plaintiff about chest x-ray results, covering up "the allegations of excessive force by the guards", and withholding Plaintiff's medication. Id. at 22.

Plaintiff alleges that since May 18, 2018, defendant Wu has "deliberately denied, delayed, interfered and lied about plaintiff's chest x-ray[] results that was taken on 6/5/2018 to cause him harm." Dkt. 1 at 9. Plaintiff claims defendant Wu "informed plaintiff that all test[s] were normal but that was a lie," because other medical staff reviewed the x-rays and "informed plaintiff . . . [their] impression [of the results] was atelectasis, a partially or completely collapsed lung, [and] left lower lobe pneumonia". Id. Because he allegedly misread the x-rays, defendant Wu "discontinue[d] all [of] plaintiff's pain medications without even examining him knowing that plaintiff suffered several injures that stem from having been assaulted by guards at (RJD) Donovan Correction Facility on May 17, 2018." Id.
///

4

**F.  RELIEF SOUGHT**

In the Complaint, Plaintiff seeks compensatory, punitive, declaratory, and injunctive relief.  Dkt. 1 at 28.

## III.

## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007).  In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).  However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).  Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

**IV.**

**DISCUSSION**

**A. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITY**

**1. Applicable Law**

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

**2. Analysis**

Here, Plaintiff fails to state a Section 1983 claim against Defendants in their official capacity because Plaintiff does not allege facts showing Defendants had a "policy or custom" that was the "moving force" behind any constitutional violation. Graham, 473 U.S. at 166. Instead, Plaintiff appears to assert "random acts or isolated events" in which Defendants denied access to courts, did not provide proper ADA accommodations, failed to protect, acted deliberately indifferent, and committed fraud. See Thompson, 885 F.2d at 1444. Accordingly, Plaintiff's Section 1983 claims against Defendants in their official capacity are subject to dismissal.

B.  **PLAINTIFF FAILS TO STATE AN AMERICANS WITH DISABILITIES ACT ("ADA") CLAIM AGAINST DEFENDANT E. JORDAN**

1. Applicable Law

To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability. Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citing 42 U.S.C. § 12132).

A plaintiff may only assert a Title II claim against "public entities." 42 U.S.C. § 12132; Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003). While the Ninth Circuit has not squarely addressed the issue in a published opinion[3], district courts within the Ninth Circuit have determined the term "public entity" under Title II does not encompass a public official sued in his or her individual capacity. See Chester v. Univ. of Washington, No. C11-5937 BHS, 2012 WL 3599351 (W.D. Wash. Aug. 21, 2012); A.B. ex rel. B.S. v. Adams–Arapahoe 28J School Dist., 831 F. Supp. 2d 1226 (D. Colo. 2011); Thomas v. Nakatani, 128 F. Supp. 2d 684 (D. Hawaii 2000); Becker v. State. of Oregon, ODOC, et al., 170 F. Supp. 2d 1061, 1066 (D. Or. 2000).

---

[3] The Court notes two pre-2007 unpublished Ninth Circuit cases holding that no individual liability exists under Title II of the ADA. See Burgess et al. v. Carmichael, 37 F. App'x. 288 (9th Cir. 2001) (affirming district court's dismissal of plaintiff's claims against individual defendants and reasoning that plaintiffs may sue only "public entity" for such violations, and not government officials in their individual capacities) (citing Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002)); Young v. Lehaman, 171 F. App'x. 625 (9th Cir. 2006) (claims against defendants under Title II of the ADA in their individual capacities are foreclosed) (citing Vinson, 288 F.3d at 1156, and Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8, 1011–12 (8th Cir. 1999) (*en banc*)). Pursuant to Ninth Circuit Rule 36-3, the Court does not rely on these unpublished dispositions in issuing its holding. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

Rather, only public agencies and public officials acting in their *official* capacity are subject to suit under Title II. Kitzhaber, 328 F.3d at 1187.

### 2. Analysis

As an initial matter, to the extent Plaintiff asserts an ADA claim against defendant Jordan in his individual capacity, he fails to state a cognizable claim. See Kitzhaber, 328 F.3d at 1187.

Moreover, although Plaintiff's ADA claim against defendant Jordan in his official capacity may be cognizable, Plaintiff fails to allege sufficient facts showing defendant Jordan engaged in an ADA violation. Specifically, Plaintiff fails to demonstrate (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See Weinreich, 114 F.3d at 978. Thus, Plaintiff has failed to state an ADA claim against defendant E. Jordan in his official capacity.

Accordingly, Plaintiff's ADA claim against defendant E. Jordan is subject to dismissal.

## C. PLAINTIFF FAILS TO ALLEGE AN EIGHTH AMENDMENT DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANT C. WU

### 1. Applicable Law

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (alterations omitted)); see also Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant: (1) deprived him of an objectively serious medical need, and (2)

1 acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'" Peralta, 744 F.3d at 1081 (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). "A prison official is deliberately indifferent to [a serious medical] need if he 'knows of and disregards an excessive risk to inmate health.'" Id. at 1082 (quoting Farmer, 511 U.S. at 837). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). "Deliberate indifference 'may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" Id. (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)). In either case, however, the indifference to the inmate's medical needs must be substantial – negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

A difference of opinion between prison-patient and prison medical authorities regarding treatment does not rise to the level of deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Mayfield v. Craven, 433 F.2d 873, 84 (9th Cir. 1970). Additionally, a difference of opinion between medical professionals concerning the appropriate course of treatment does not generally amount to deliberate indifference to serious medical needs. See Toguchi, 391 F.3d at 1058; Sanchez, 891 F.2d at 242; see also Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

**2. Analysis**

Here, Plaintiff fails to state an Eighth Amendment deliberate indifference claim against defendant Wu. Plaintiff claims defendant C. Wu, after reviewing Plaintiff's x-ray results, "informed plaintiff that all test[s] were normal". Dkt. 1 at 9. Plaintiff argues "that was a lie" because other medical staff allegedly reviewed the results and concluded Plaintiff was injured. Id. However, a difference of opinion between Plaintiff and defendant Wu, or difference of medical opinions between other medical staff and defendant Wu regarding x-ray results, do not amount to a deliberate indifference to serious medical needs. See Toguchi, 391 F.3d at 1058. In addition, Plaintiff's claim defendant Wu knowingly disregarded Plaintiff's serious medically need is "merely conclusory". In re Gilead Scis. Sec. Litig., 536 F.3d at 1055. Hence, Plaintiff fails to state an Eighth Amendment deliberate indifference claim against defendant Wu for allegedly misinterpreting x-ray results and discontinuing Plaintiff's medication. See Briones v. Grannis, No. CV 09-08074-VAP (VBK), 2010 WL 3636139, at *6 (C.D. Cal. Sept. 14, 2010) (finding failure to provide plaintiff with her requested medications is not sufficient to state a claim of deliberate indifference). Accordingly, Plaintiff's Eighth Amendment claim against defendant Wu is subject to dismissal.

**V.**

**LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a signed First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a**

**blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is**

directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.

Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

Dated: October 12, 2018

HONORABLE KENLY KIYA KATO
United States Magistrate Judge