UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-6730-SVW (KK)** | Date: | May 3, 2019 |

Title: *Raymond Alford Bradford v. E. Jordan, et al.*

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Regarding Plaintiff's Motion To Stay Case And Request For Appointment Of Counsel [Dkt. 42] And Petition [Dkt. 43]

On July 26, 2018, Plaintiff Raymond Alford Bradford ("Bradford"), who is currently incarcerated at the California State Prison in Corcoran, California, constructively filed[1] a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Americans with Disabilities Act ("ADA") against defendants Friedman, E. Jordan, Debbie Asuncion, C. Wu, and Jane Doe in their individual and official capacities. ECF Docket No. ("Dkt.") 1.

On December 13, 2018, the Court ordered the following claims dismissed without leave to amend: (a) the Section 1983 official capacity claim against defendants Friedman, Asuncion, Wu, and Doe; (b) the ADA claim against defendant Jordan; and (c) the Eighth Amendment deliberate indifference claim against defendant Wu. Dkt. 24. Accordingly, the remaining claims in the Complaint are as follows: (a) the First Amendment access to courts claim against defendants Friedman and Doe[2] in their individual capacity; and (b) the Eighth Amendment failure to protect claim against defendant Asuncion in her individual capacity.

---

[1] Under the "mailbox rule," when a <u>pro se</u> inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. <u>Roberts v. Marshall</u>, 627 F.3d 768, 770 n.1 (9th Cir. 2010); <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] On January 26, 2019, Bradford constructively filed a declaration naming the Doe defendant in the Complaint as M. Warmsley. Dkt. 33.

On December 18, 2018, the Court ordered service by the United States Marshal Service ("USMS") on defendants Asuncion and Friedman. Dkts. 25, 26. On January 17, 2019, the Court ordered service by the USMS on defendant Warmsley. Dkts. 34, 35.

On April 16, 2019, Bradford constructively filed a Motion to Stay Case and Request for Appointment of Counsel. ECF Docket No. ("Dkt.") 42. In the Motion, Bradford contends he should be granted a stay because the USMS has not served defendants with the Complaint. Id. at 2. On April 29, 2019, however, the Court received signed process receipts for defendants Asuncion, Friedman, and Warmsley. Dkts. 45, 47, 49. **Accordingly, the Motion to Stay Case, dkt. 42, is DENIED as MOOT**.

Additionally, Bradford requests appointment of counsel. Dkt. 42 at 3. There is, however, no constitutional right to appointed counsel in civil rights actions. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). A court has no direct way to pay appointed counsel and cannot compel an attorney to represent a plaintiff. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 301-10, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989). In exceptional circumstances, a court may request counsel to voluntarily provide representation. 28 U.S.C. § 1915(e)(1); see Mallard, 490 U.S. at 301-10. To decide whether "exceptional circumstances" exist, a court evaluates both the likelihood of a plaintiff's success on the merits and plaintiff's ability to articulate claims pro se. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). At this juncture in the case, the Court does not find that such exceptional circumstances exist. The Court assures Bradford that it will liberally construe the pleadings and give him the benefit of the doubt. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). **Accordingly, the Court DENIES without prejudice the request for appointment of counsel**.

Lastly, Bradford filed a "Petition for Writ of Habeas Corpus Review for Denial of Access to Court Causing an Actual Injury as a Result" in this case. Dkt. 43. The "Petition", however, appears to allege identical claims as those set forth in the Complaint. Thus, the "Petition" is duplicative of the Complaint. Compare dkt. 1 with dkt. 43. To the extent Bradford seeks to file a habeas petition, he must do so by initiating a separate action. As such, the "Petition", dkt. 43, is **STRICKEN**.